**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| MELISSA WHITE, on behalf of herself and other similarly situated individuals, | ) ) ) | |
| | ) | Case No. 4:20-cv-00323-CDP |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STEAK N SHAKE INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO PARTIALLY DISMISS PLAINTIFFS' COMPLAINT**

**I.      INTRODUCTION**

Ms. Melissa White ("Ms. White") filed the Complaint alleging a putative Fair Labor Standard Act (29 U.S.C. § 216(b); "FLSA") collective action on behalf of herself and other similarly situated servers at the restaurants of Steak N Shake Inc. ("Defendant"). The collective action is based on Defendant's failure to comply with the FLSA, which subjected Ms. White and other similarly situated servers to Defendant's nationwide plan, policy, and/or practice of working servers in positions unrelated to their tipped occupation and/or working servers for a substantial amount of time in non-tipped job tasks related to their tipped occupation.

In its Motion to Dismiss, Defendant does not challenge that the Court has jurisdiction over Ms. White's claim (and other Opt-ins or potential Opt-ins who worked for Defendant in Missouri), nor does Defendant challenge that the Court has personal jurisdiction over Defendant with regard to the claims of those Plaintiffs and Opt-ins who worked inside of Missouri. (Def.'s Memo. In Support of Mt. to Dismiss (ECF No. 9, at 3, 7.) Instead, Defendant relies on *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017) for its argument that this Court may

1

not exercise specific personal jurisdiction over plaintiffs with claims who do not reside or worked in Missouri.  However, Defendant's reliance is misplaced because *Bristol-Myers* does not apply to divest courts of personal jurisdiction over employees in FLSA collective actions.

**II.     STANDARD**

When a motion to dismiss challenges the existence of personal jurisdiction, the plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant.  *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).  However, personal jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing.  *Id*.  To survive a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction.  *Id.*  If the court does not hold a pretrial evidentiary hearing on the issue of personal jurisdiction, the plaintiff need only make a prima facie showing of jurisdiction based on the pleadings, affidavits, and exhibits.  *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008); *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1384 (8th Cir. 1991).  The evidentiary showing required at this stage is "minimal." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011).  The court must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party.  *Epps,* 327 F.3d at 646-47.

**III.    *BRISTOL-MYERS* DOES NOT RESTRICT THIS COURT'S EXERCISE OF PERSONAL JURISDICTION OVER NON-MISSOURI PUTATIVE OPT-IN PLANTIFFS**

In *Bristol-Myers*, there were allegations of a nationwide sale of the drug, Plavix, which caused personal injuries to plaintiffs.  *Id.* at 1775.  The U.S. Supreme Court (in an 8-1 decision) took a narrow view of personal jurisdiction, holding that there was no personal jurisdiction over the defendant in a suit by more than 600 plaintiffs claiming injuries from the drug.  *Id.* at 1777-78.

2

The court found no connection between the relevant plaintiffs (who were not California resident) and California, and thus no basis for specific jurisdiction.  *Id.* at 1781-84 .  The case was not a class action, but rather, a state mass tort action governed by state law.  Id. at 1775.

Unlike the state mass tort claims in *Bristol-Myers*, Ms. White and other similarly situated servers are bringing their claims under a federal statute, FLSA.  *Bristol-Myers* was decided in June of 2017, and the law regarding its application has been evolved rapidly.  Recently, a district court within the Eighth Circuit noted that no Court of Appeals have addressed the impact of *Bristol-Myers* on FLSA collective action litigation.  *Turner v. Concentrix Services, Inc.*, No. 1:18-cv-1072, 2020 WL 544705, at *3 (W.D. Ark. Feb. 3, 2020).  In *Turner*, however, the court agreed with the reasoning in *Swamy v. Title Source, Inc.*, No. 17-0117, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017), which is that the Supreme Court in *Bristol-Myers* did not intend to restrict a federal district court's personal jurisdiction in FLSA collective actions authorized by Congress. *Id.*  The FLSA claims are designed to address employment practices nationwide.  *Id*; 29 U.S.C. §§ 202, 207(a).  Further, the FLSA collective action provision allows employees to bring claims on behalf of themselves and other employees "similarly situated."  *Id*; 29 U.S.C. § 216(b).  Nothing in the plain language of the FLSA limits its application to instate plaintiffs' claims.  *Id.*  As a result, the court in *Turner* found that *Bristol-Myers* does not divest the court's personal jurisdiction over plaintiffs similarly situated collective action under the FLSA, regardless of where the opt-in plaintiffs may have suffered the alleged injury.  *Id.*

In addressing a similar issue whether *Bristol-Myers* is applicable, this Court denied defendant's motion to dismiss and followed the better reasoned decisions declining to extend *Bristol-Myers* to class action.  *Swinter Group, Inc. v. Service of Process Agents, Inc.*, No. 4:17-cv-2759, 2019 WL 266299, at *3 (E.D. Mo Jan. 3, 2019).  In *Swinter*, this Court noted that no Court

3

of Appeals has engaged the question of whether *Bristol-Myers* requires a finding of specific personal jurisdiction with respect to unnamed members of a putative class action suit. *Id.* at 2 (citing *Knotts v. Nissan N. Am., Inc.*, 346 F. Supp.3d 1310, 1331 (D. Minn. 2018)). However, this Court applied the reasoning of at least one other district court from the Eighth Circuit (and from various other districts), refusing to extend the holding of *Bristol-Myers* to the class action context. *Id.* This Court agreed that a class action fundamentally differs from a mass tort action, particularly based upon the procedural safeguard present in class action under Fed. R. Civ. P. 23. *Id.* In a mass tort action, each plaintiff is a real party in interest to the complaints by contrast, in a putative class action, one or more plaintiffs seek to represent the rest of the similarly situated plaintiffs, and the named plaintiffs are the only plaintiffs actually named in the complaint. *Id.* Given that Rule 23 provides procedural safeguards for class actions and that the forum already has specific jurisdiction over defendant based on the representative claim, this Court found there is little hardship, as a jurisdictional matter, for it to also litigate the nationwide class claims. *Id.* It promotes efficiency and expediency to litigate all claims at once rather than to separate the nationwide class. *Id.*

In another case addressing whether *Bristol-Myers* is applicable, this Court adopted its analysis in *Swinter* and, again, noted that Congress created class actions to help "overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Moore v. Compass Group USA, Inc.*, No. 4:18-cv-1962, 2019 WL 4723077, at *7-9 (E.D. Mo. Sept. 26, 2019). This Court noted that the Supreme Court in *Bristol-Myers* would not have limited the valuable tool of class actions. *Id.* Therefore, this Court denied defendant's motion to dismiss and refused to extend *Bristol-Myers* to unnamed members of a putative class action suit. *Id.* at 7.

Similarly, this Court recently adopted its analysis in *Swinter* for a third time when it was determining whether *Bristol-Myers* should be applied to nonresident class members. *Krumm v. Kittrich Corp.*, No. 4:19-cv-182-CDP, 2019 WL 6876059, at *4-5 (E.D. Mo. Dec. 17, 2019). In *Krumm*, this Court denied in full defendant's motion to dismiss for lack of personal jurisdiction because it conducted a thorough review of cases and agreed with the "better reasoned decisions" of the numerous courts across the country that have declined to extend *Bristol-Myers* to the class action context. *Id.* at 4.

In this case, Defendant wants to this Court to go against the "better reasoned decisions" to decline the application of *Bristol-Myers* to unnamed members of a putative class action in federal court. While Defendant did cite to district court cases applying *Bristol-Meyers*, but those state mass tort cases are older and in the minority. *See Moore v. Bayer Corporation*, No. 4:18 CV 262 CDP, 2018 WL 4144795, *1, 3-5 (E.D. Mo. Aug. 29, 2018); *Siegfried v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 4:16 CV 1942 CDP, 2017 WL 2778107 *3-5 (E.D. Mo. June 27, 2017); *Jinright v. Johnson & Johnson, Inc.*, No. 4:17-CV-01849 ERW, 2017 WL 3731317, *4 (E.D. Mo. 2017); *see also  Knotts v. Nissan N. Am., Inc.*, 346 F. Supp.3d at 1332 (noting that most of the courts found that Bristol-Meyers does not apply in the federal class action context).

### A. The Court Does Have General Jurisdiction Over Defendant

General jurisdiction may be applied to those defendants whose "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealing entirely distinct from those activities. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). Whether to apply general jurisdiction to a defendant requires a case-by-case assessment of many factors, and no factor is determinative on

its own. *See Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437, 445 (1952). A state statute that requires a corporation to obtain a license and designate an agent for service may be helpful in determining general jurisdiction, but it is not conclusive. *Id.* at 445. In *Knowlton v. Allied Van Lines, Inc.*, the Eighth Circuit held that a corporation's registration to do business and designation of an agent for service of process in a state may, depending on the scope of the statutory consent, serve as consent to personal jurisdiction in that state for any cause of action later brought against the corporation. 900 F.2d 1196, 1199-1200 (8th Cir. 1990). This Court has applied *Knowlton* and found that registration and appointment of an agent for service of process under Missouri law provides consent to personal jurisdiction. *See Trout v. SmithKline Beechman Corp.*, No. 4:15 CV 1842 CDP, 2016 WL 427960, at * 1 (E.D. Mo. Feb. 4, 2016); *see also* Mo. Rev. Stat. §§ 351.586 (each foreign corporation authorized to transact business in this state shall continuously maintain in this state a registered agent); 351.594 (registered agent of foreign corporation's agent for service of process, notice, or demand required or permitted by law to be served on foreign corporation).

Here, Defendant has designated its agent and has registered with the Missouri Secretary of State to do business in Missouri. (Ex. 1). Further, the Plaintiffs allege that Defendant is a foreign corporation that is authorized to conduct business in Missouri. (ECN 3, at 2). Defendant specifically operates and/or has operated its corporate owned restaurants in Missouri. *Id.* Defendant's restaurants are divided into five "Group Markets": (a) Chicago/Detroit, (b) Cleveland/Dallas; (c) Indianapolis, (d) Orlando/Atlanta, and (e) St. Louis. *Id.* at 3. In the St. Louis Group Market, there were 51 corporate owned restaurants with 39 of them in Missouri. *Id.* Plaintiffs allege that Defendant regularly, continuously, and systematically conducted business for years by operating its restaurants in Missouri and employing Ms. White and other servers at those establishments. (ECN 3, at 2-3, 10). Given the extent of Defendant's continuous activities in

6

Missouri, this Court should find general jurisdiction over Defendant for the non-Missouri plaintiffs' FLSA claims.

## B. The Court Does Have Specific Personal Jurisdiction Over the Claims of the Non-Missouri Plaintiffs' Claims

A federal court can asset specific personal jurisdiction over a nonresident defendant through the forum state's long-arm statute if there are sufficient minimum contacts with the forum state to satisfy due process. *Goodyear*, 131 S. Ct. at 2855. Missouri long-arm statute authorizes jurisdiction over any person or firm as to cause of action arising from, among other things, that person or firm's "transaction of any business within this state." Mo. Rev. Stat. § 506.500.1(1). Missouri courts construe "transaction of any business" broadly. *State ex rel. Metal Serv. Ctr. Of Ga, Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo. ban 1984).

Further specific jurisdiction depends on whether there was "some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Goodyear*, 131 S. Ct. at 2854 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1953)); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) (specific jurisdiction is when the suit "aris[es] out of or relate[s] to the defendant's contacts with the forum"). This "ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third party. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

In this case, the Defendant itself has created sufficient contacts in Missouri, such that this Court's exercise of specific personal jurisdiction over Defendant comports with due process. First, Plaintiffs allege that Defendant owns numerous restaurants in Missouri. (ECN 3, at 2). Second, Defendant transact business nationwide at its restaurants, including in Missouri. *Id.* at 3. Third,

7

Defendant employed Ms. White and other servers at its restaurants. *Id.* at 2, 8-9, 18. Finally, Plaintiffs allege that Defendant engaged in a regular, systematic and widespread practices of failing to pay Ms. White and other similarly situated serves the full applicable minimum wages while they performed work at Defendant's restaurants. *Id.* at 13. Because of Defendant's contacts in Missouri and the unlawful activities that Defendant engaged in, this Court should deny Defendant's motion to dismiss for lack of personal jurisdiction.

Under the FLSA, Plaintiffs have a right to bring their collective action in federal court. *Bristol-Myers* does not take away their right to pursue such claims in this Court regardless whether they are Missouri or non-Missouri residents. As noted above, *Bristol-Myers* application is inapplicable because this Court has specific personal jurisdiction over Ms. White, who is seeking to be the named representative for the unnamed class.

### IV.     CONCLUSION

For the foregoing reasons, Ms. White respectfully requests the Court Order denying in full Defendant's Motion to Dismiss as to the non-resident putative plaintiffs' claims.

Respectfully Submitted,

THE LAW OFFICE OF SHEILA R. STUART, LLC
Sheila R. Stuart, #65217
sheilarstuart@yahoo.com
Bemiston Tower
231 South Bemiston Avenue Suite 800
Clayton, MO 63105
Phone: (314) 854-1339 (office)
Phone: (314) 680-0920 (cell)

        HENDERSON LAW FIRM

        /s/ Samuel Henderson
        Samuel Henderson, Mo. Bar 56330
        attysamuelhenderson@gmail.com
        Hendersa85@hotmail.com
        1027 South Vandeventer Ave., 6th Fl
        Saint Louis, Missouri 63110
        Phone: (314) 399-8266
        Fax: (314) 399-8265

        Counsel for Plaintiff Melissa White

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 26th day of March, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Patrick F. Hulla
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816-471-1301
Facsimile: 816-471-1303
Patrick.hulla@ogletreedeakins.com

Attorneys for Defendant

        /s/ Samuel Henderson