IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MELISSA WHITE, on behalf of herself and other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>STEAK N SHAKE INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:20-cv-00323-CDP<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO PARTIALLY DISMISS**

**I.   INTRODUCTION**

Plaintiff has not made a *prima facie* showing this Court has personal jurisdiction over claims against Defendant by individuals employed outside of Missouri. Instead, Plaintiff misapprehends the application of *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), and its progeny to (1) claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), (2) general jurisdiction, and (3) specific jurisdiction.

The Court cannot, and should not—as Plaintiff urges—dispense with personal jurisdiction principles derived from Constitutional due process[1] merely because doing so may be expedient or efficient. *See Chavira v. OS Restaurant Services, LLC,* No. 18-cv-10029-ADB, 2019 WL 4769101, at *6 (D. Mass. Sept. 30, 2019) at *6 (concluding the obligation to follow the law cannot be overshadowed by "even the most compelling" policy arguments). Instead, application of due process principles

---

[1] In a federal question case, such as this one, the constitutional question arises from the Due Process Clause of the Fifth Amendment. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 102 (1987).

1

reveals this Court lacks general jurisdiction over Defendant *and* specific jurisdiction over out-of-state putative plaintiffs' FLSA claims.

## II.    *BRISTOL-MYERS* AND THE FLSA

Citing several decisions in *class action* cases, which are inapposite for the reasons explained below, Plaintiff argues *Bristol-Myers* is inapplicable to her putative FLSA collective action. More specifically, Plaintiff conflates the representative nature of Rule 23 class actions with FLSA collective actions, which are *not* representative actions. Doc. 14 at 5. Plaintiff cites several decisions, in the context of Rule 23 class actions, pre-dating *Bristol-Myers*. Likewise, Plaintiff ignores orders *by this Court* post-dating *Bristol-Myers* that decline to extend personal jurisdiction in multi-plaintiff cases that are not Rule 23 class actions. *See Moore v. Bayer Corp.*, No. 4:18 CV 262 CDP, 2018 WL 4144795 (E.D. Mo. Aug. 29, 2018)(applying *Bristol-Myers* and granting motion to dismiss claims by non-Missouri residents); *Siegfried v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 4:16 CV 1942 CDP, 2017 WL 2778107 (E.D.Mo., June 27, 2017) (same).

Under the FLSA, collective actions are not representative. In fact, the legislation that amended the FLSA and authorized *opt-in* collective actions was titled "*Representative Actions Banned*." 93 Cong. Rec. 2182. *See also Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018) ("A collective action, on the other hand, is not a comparable form of representative action. Just the opposite: Congress added the FLSA's opt-in requirement with the express purpose of 'banning' such actions under the FLSA.") (Citations and alterations omitted)). Leaving no doubt about the issue, the express language in 29 U.S.C. § 216 (b) confirms each individual who joins an FLSA collective action is a real party in interest. ("No employee shall be a *party plaintiff* to any such action unless he gives his consent in writing to become *such a party*").

Rule 23 class actions and FLSA class actions "fundamentally" differ. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013). *See also Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003) (summarizing the history of the FLSA's opt-in provision and referring to § 216(b) as "a fundamentally different creature than the Rule 23 class action"). A certified class under Rule 23 has "independent legal status," whereas the "sole consequence" of conditional certification under the FLSA is sending of court-approved notices to employees, who may then become party plaintiffs "by filing written consent with the court." *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 58-59 (D. Mass. 2018). Importantly, "[a] collective action is more accurately described as a kind of mass action, in which aggrieved workers act as a collective of individual plaintiffs with individual cases." *Campbell*, 903 F.3d at 1105. *See also Roy*, 353 F. Supp. 3d at 55-58. Accordingly, FLSA collective actions are not Rule 23 class actions, and are akin to mass actions involving multiple party plaintiffs, and thus there is no basis to distinguish out-of-state plaintiffs' FLSA claims from the out-of-state plaintiffs' mass tort claim at issue in *Bristol-Myers. Id.* at 55-58. *See also Chavira,* 2019 WL 4769101 at *6 (reasoning "the personal jurisdiction analysis applies to all opt-in plaintiffs in a collective action in the same way that the Supreme Court found that the personal jurisdiction analysis applies to each plaintiff in a mass tort action." (Citations omitted)).

Several courts have explored a split in authority regarding *Bristol-Myers'* application in the context of FLSA collective actions. More specifically, the split follows two cases and their progeny—*Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017) (concluding *Bristol-Myers* does *not* divest courts of personal jurisdiction over out-of-state plaintiffs' claims in putative FLSA collective actions), and *Maclin v. Reliable Reports of Texas, Inc.*, 314 F. Supp. 3d 845 (N.D. Ohio 2018) (determining *Bristol-Myers* applies to FLSA claims and divests courts of specific

jurisdiction over FLSA claims of out-of-state plaintiffs against out-of-state defendants). *Maclin* and its prodigy are better reasoned and should apply.

In *Swamy*, the court summarily addressed *Bristol-Myers* and distinguished it because it addressed state laws claims. 2017 WL 5196780 at *2 (noting FLSA claims are "federal claim[s] created by Congress specifically to address employment practices nationwide."). Respectfully, the reasoning in *Swamy* is flawed. The court ignored the Congressional record, which reveals the purpose of a collective action was to limit the scope of such cases, *see* 93 Cong. Rec. 2182, and did not consider the parties' fundamental due process rights. *Id.* The *Swamy* court's conclusion, as well as cases following it (including *Turner v. Concentrix Services, Inc.*, No. 1:18-cv-1072, 2020 WL 544705 (W.D.Ark. Feb. 3, 2020), which Plaintiff cites)), entirely overlook that "Congress' typical mode of providing for the exercise of personal jurisdiction has been to authorize [nationwide] service of process" by using the following language: "process may be served on any person, partnership, or corporation wherever it may be found." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1553 (2017). *See also* Fed. R. Civ. P. 4(k)(1)(C). For example, the Clayton Act of 1914, the Federal Trade Commission Act of 1914, the Securities Exchange Act of 1934, and the Employee Retirement Income Security Act of 1974, all expressly provide for service of process wherever the defendant "may be found," thus authorizing any federal court to exercise personal jurisdiction over defendants charged with violating those statutes. *See* 15 U.S.C. §§ 22, 53(a); 29 U.S.C. § 1132(e)(2); 15 U.S.C. § 78aa. *See also Omni Capital Int'l*, 484 U.S. at 106–107 (discussing statutes authorizing, or failing to authorize, nationwide service of process). Critically, the FLSA does not provide for nationwide service of process.

On the other hand, *Maclin* and its progeny recognize the FLSA's failure to authorize nationwide service of process means a court facing an FLSA collective action must look to state law and due process for the applicable limits on its exercise of personal jurisdiction. *See e.g.*, *Roy*, 353 F.

4

Supp. 3d at 56. Recently, the Eastern District of Pennsylvania agreed that *Bristol-Myers* applies in the FLSA context. *Szewcyzyk v. United Parcel Service, Inc.*, No. 19-1109, 2019 WL 5423036, *8 (E.D. Pa. Oct. 22, 2019). In *Szewcyzyk*, the court decided, "216(b) does not relieve plaintiffs of their obligation to establish personal jurisdiction over a defendant in compliance with constitutional due process principles." *Id.* Likewise, individuals who join this FLSA action will be party plaintiffs, not absent class members. This Court accordingly must have personal jurisdiction over the parties with respect to each of these claims. *See Pettenato v. Beacon Health Options, Inc.*, No. 19cv1646JPOBCM, 2019 WL 5587335, at *1 (S.D.N.Y. Oct. 25, 2019). For plaintiffs who did not work for Defendant in Missouri, it does not.

### III.  THIS COURT LACKS GENERAL JURISDICTION OVER DEFENDANT, WHICH IS NOT "AT HOME" IN MISSOURI

Contrary to recent, controlling precedent, Plaintiff points to outdated cases to argue Defendant consented to this Court's general jurisdiction by registering to do business, and designating an agent for service of process, in Missouri. Doc. 14 at 6. Both the Missouri Supreme Court and this Court have soundly rejected this proposition. *Siegfried*, 2017 WL 2778107 at *5, citing *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 51-53 (Mo. 2017) (*en banc*) (concluding Missouri's registration statute does not broaden "personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present.").

Plaintiff also argues Defendant's operation of corporate-owned restaurants in Missouri justifies general jurisdiction, but that misses the mark. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them [only] when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Tyrrell*, 137 S. Ct. at 1558. Defendant's operations in Missouri are not so exceptional to render them "at home" here. As Plaintiff acknowledges, Defendant owns and operates

5

stores in many locations throughout the United States, Doc. 14 at 6 (referencing "(a) Chicago/Detroit, (b) Cleveland/Dallas; (c) Indianapolis, [and] (d) Orlando/Atlanta)"). "A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler AG v. Bauman*, 134 S. Ct. 746, 762 n.20 (2014).

## IV. THIS COURT ALSO LACKS SPECIFIC JURISDICTION OVER CLAIMS BY OUT-OF-STATE PLAINTIFFS AGAINST AN OUT-OF-STATE DEFENDANT

According to Plaintiff, this Court has specific jurisdiction over non-residents' claims because Defendant transacts business nationwide and in Missouri, and those businesses include employing Plaintiff and other servers. Doc. 14 at 7-8. However, Plaintiff's misapplication of specific jurisdiction would render general jurisdiction moot. In particular, "[t]here would never be a need to discuss general jurisdiction, for every state would have specific jurisdiction over every national business corporation." *Siegfried*, 2017 WL 2778107 at *5, quoting *Norfolk Southern*, 512 S.W.3d at 49. Moreover, the U.S. Supreme Court has rejected this proposition and has concluded "[o]ur cases provide no support for this approach, which resembles a loose and spurious form of general jurisdiction." *Bristol-Myers Squibb*, 2017 WL 2621322, at *8.

Plaintiff also argues Defendant's "systemic, regular, and widespread" wage and hour violations warrant specific jurisdiction. However, even if Defendant had engaged in such behavior (and it did not), this Court would still lack specific jurisdiction over the claims of the out-of-state putative opt-in plaintiffs because specific jurisdiction requires a nexus between a defendant's forum-related contacts and the plaintiff's claim, and here there is none. *Id.* at *7, *11 (requiring an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State."). Thus, the Plaintiffs must show "the litigation results from alleged injuries that arise out of or relate to ... [the defendant's] activities [in the forum state]." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (quotation omitted). Stated another way, "specific jurisdiction is confined to

6

adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers*, 137 S.Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 919). Here the controversy involves wage payments in multiple states.

The purported injuries suffered by out-of-state putative plaintiffs took place where they worked. *See e.g., Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-CV-30116-KAR, 2018 WL 2324092, at *5 (D. Mass. May 22, 2018) (concluding FLSA overtime claims arose from plaintiff's activities in state where he worked allegedly unpaid overtime). Plaintiffs do not allege otherwise. Plaintiff has not met her burden of demonstrating the Court has personal jurisdiction over putative plaintiffs who Defendant did not employ in Missouri.

**V.     CONCLUSION**

For the reasons set forth in Defendant's Memorandum in Support of Motion to Partially Dismiss and this reply, Defendant respectfully requests this Court's order dismissing the claims regarding non-Missouri putative opt-in plaintiffs, and granting any further relief the Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Patrick F. Hulla
Patrick F. Hulla          MO #41745
4520 Main Street, Suite 400
Kansas City, MO  64111
Telephone:  816-471-1301
Facsimile:  816-471-1303
patrick.hulla@ogletreedeakins.com

 and

>Barry Paige
>111 Monument Circle, Ste. 4600
>Indianapolis, IN 46204
>317.916.1300
>317.916.9076 (*Facsimile*)
>barry.paige@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 3rd day of April, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Sheila R. Stuart
THE LAW OFFICE OF SHEILA R. STUART, LLC
Bemiston Tower
231 South Bemiston Avenue, Suite 800
Clayton, MO 63105
314.854.1338
sheilarstuart@yahoo.com

and

Samuel Henderson
HENDERSON LAW FIRM
1027 South Vandeventer Avenue, 6th Floor
St. Louis, MO 63110
314.399.8266
314.399.8265 (Facsimile)
herdersa85@hotmail.com

**ATTORNEY FOR PLAINTIFF**

>/s/ Patrick F. Hulla
>**ATTORNEY FOR DEFENDANT**

42416546.1