UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA WHITE, on behalf of herself and other similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:20 CV 323 CDP |
| STEAK N SHAKE INC., | ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This Court does not have personal jurisdiction over defendant Steak N Shake Inc. to the extent plaintiff Melissa White, a former Steak N Shake employee, brings claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, in behalf of Steak N Shake employees who did not work at Steak N Shake restaurants in the State of Missouri. I will therefore grant Steak N Shake's motion to dismiss these claims for lack of personal jurisdiction and will limit the FLSA claims in this action to only those claims of potential opt-in plaintiffs who worked for Steak N Shake in Missouri.

## Background

Steak N Shake is an Indiana corporation that operates more than 400

restaurants throughout the United States. Thirty-nine of those restaurants are located in Missouri. Plaintiff White is a citizen of Missouri who worked as a server at a Steak N Shake restaurant in St. Louis County, Missouri, from April 2009 to February 2014, and as a server trainer from July 2016 to January 2018. White claims that she and the putative plaintiffs in this action are or were hourly employees who worked as servers or in similar positions at Steak N Shake restaurants and were paid at a reduced tip-based wage, but were required to perform unrelated non-tipped production work and/or spend a substantial time performing non-tipped tasks related to their tipped occupation, all for which they did not receive tips or minimum wage.

In her complaint, White alleges that Steak N Shake's failure to pay minimum wage for non-tipped tasks violates the FLSA, and she seeks to pursue a nationwide collective action thereunder for all putative plaintiffs who elect to opt in to the action. White also seeks to pursue a class action under Rule 23, Federal Rules of Civil Procedure, for Steak N Shake's alleged violation of the Missouri Minimum Wage Laws (MMWL), Mo. Rev. Stat. §§ 290.500, *et seq.*, and she seeks to obtain class wide relief under Rule 23 for all putative class members who were employed by Steak N Shake in the State of Missouri and who do not opt out of this action.

Steak N Shake moves to dismiss the FLSA claims to the extent White brings them in behalf of non-Missouri employees, arguing that this Court lacks personal jurisdiction over the claims of these putative opt-in plaintiffs. For the following reasons, I agree and will limit White's FLSA claims to only those employees who were employed in Missouri. White's Rule 23 MMWL claims are not affected by this ruling.

## Discussion

The FLSA requires employers to pay their employees minimum wage. 29 U.S.C. § 206. This minimum wage standard is one of several FLSA provisions enacted to serve the law's purposes of "providing minimum standards of living for workers" and protecting free market competition. *McMaster v. Minnesota,* 30 F.3d 976, 980 (8th Cir. 1994). Any employer who violates § 206 "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "An action to recover the liability prescribed in the preceding sentences may be maintained against any employer . . . by any one or more employees for and in behalf of [herself] . . . and other employees similarly situated." *Id*. "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such

action is brought." *Id.*

In order for the asserted FLSA claims to proceed here, this Court must have personal jurisdiction over defendant Steak N Shake with resepct to those claims. "Personal jurisdiction . . . is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382 (1937)). "The requirement that a court have personal jurisdiction flows . . . from the Due Process Clause." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014).

When facing a motion to dismiss based on lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state. *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011). The evidentiary showing is minimal and can be shown not only from the pleadings but also from affidavits and exhibits filed in support of or opposition to the motion. *Id.* at 592.

I must view the evidence in a light most favorable to the plaintiff and resolve factual conflicts in her favor. However, the party seeking to establish the Court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

"The Supreme Court has recognized two theories for evaluating personal jurisdiction: general and specific jurisdiction." *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984)). Specific jurisdiction exists "when a defendant, through its contacts with the forum, purposefully avails itself of the privilege of conducting business in the forum," and the plaintiff's claim "aris[es] out of or relat[es] to the defendant's contacts with the forum." *Pangaea v. Flying Burrito, LLC,* 647 F.3d 741, 745-46 (8th Cir. 2011) (internal quotation marks and citation omitted); *see also Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG,* 646 F.3d 589, 593 (8th Cir. 2011). On the other hand, "if the exercise of jurisdiction does not depend on the relationship between the cause of action and the defendant's contacts with the forum state, the exercise of personal jurisdiction is one of general jurisdiction." *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 648 (8th Cir. 2003) (citing *Helicopteros*, 466 U.S. at 415). General "all-purpose"

jurisdiction exists over a corporate defendant in the state(s) where it is incorporated and where its principal place of business is located, as well as in states where its affiliations are so continuous and systematic – even on activities unrelated to the lawuist – as to render it essentially at home there. *Daimler AG*, 571 U.S. at 137-39.

This Court lacks general jurisdiction over Steak N Shake. Steak N Shake is neither incorporated in the State of Missouri nor has its principal place of business here. Nor does Steak N Shake's continuous and systematic operation in Missouri of thirty-nine of its more than 400 national restaurants, with nothing more, make Steak N Shake essentially at home here. *Daimler AG*, 571 U.S. at 139; *see also, e.g., Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 54 (D. Mass. 2018). If that is all that is required for general jurisdiction, "the same global reach would presumably be available in every other State" in which Steak N Shake operates its restaurants. *Daimler AG*, 571 U.S. at 139. "Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.* (internal quotation marks and citation omitted). Finally, contrary to White's assertion, Steak N Shake's registering to do business in Missouri and designating an agent for service of

process in Missouri does not alone bring it within this Court's general jurisdition. *See State ex. rel Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 51-53 (Mo. banc 2017).

This Court also lacks specific jurisdiction over Steak N Shake with respect to FLSA claims of non-Missouri employees. Where, as here, a court's subject-matter jurisdiction is based upon a federal statute that is silent regarding service of process, *see Roy*, 353 F. Supp. 3d at 53 (Congress did not authorize nationwide service for FLSA), the Court may exercise personal jurisdiction only to the extent permitted by the forum state's long-arm statute. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 108 (1987) (absent a specific federal statute conferring broader personal jurisdiction through nationwide service of process federal courts are bound by the same state-law principles of personal jurisdiction as their host state); *Velez v. Portfolio Recovery Assocs., Inc.*, 881 F. Supp. 2d 1075, 1082 (E.D. Mo. 2012). *See also Wallace v. Mathias*, 864 F. Supp. 2d 826, 833 (D. Neb. 2012) (if personal jurisdiction is to be solely based on the reach of a federal statute, the statute must expressly authorize it).

In relevant part, Missouri's long-arm statute authorizes personal jurisdiction over defendants who transact business within the State. Mo. Rev. Stat. § 506.500.1(1). "A person or firm transacts business by visiting Missouri or

sending its product or advertising here." *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 476 (8th Cir. 2012). The statute is construed broadly, such that if a defendant engages in a specified act, the statute will be interpreted "to provide for jurisdiction . . . to the full extent permitted by the Due Process Clause." *Viasystems*, 646 F.3d at 593 (internal quotation marks and citation omitted). Due process permits the exercise of specific jurisdiction "if a defendant purposefully directs its activities at residents of the forum state, 'and the litigation results from alleged injuries that 'arise out of or relate to' those activities[.]'" *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 912 (8th Cir. 2012) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

Relying on *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017), Steak N Shake argues that this Court lacks specific jurisdiction over White's FLSA claims brought in behalf of putative collective-action plaintiffs employed outside Missouri because those claims do not "arise out of or relate to" Steak N Shake's contacts with Missouri.[1] For the following reasons, I agree.

---

[1] Steak N Shake does not dispute that this Court has personal jurisdiction over claims by potential FLSA opt-in plaintiffs that work or have worked in its Missouri restaurants.

Due process requires that a court has specific jurisdiction over a defendant in a mass action only if the action arises out of or relates to that defendant's contacts with the forum. *Bristol-Myers*, 137 S. Ct. at 1780. In *Bristol-Myers*, more than 600 plaintiffs brought eight separate lawsuits in California state court claiming that the drug Plavix injured them. *Id.* at 1777. But only eighty-six of the plaintiffs were California residents; the remaining 592 plaintiffs were from states other than California. *Id.* at 1778. Bristol-Myers contested the California courts' jurisdiction, and the California Supreme Court ultimately determined that California could constitutionally exercise specific jurisdiction over Bristol-Myers using a "sliding-scale" approach.[2] *Id.* The California Supreme Court found that Bristol-Myers' extensive contacts with the state and the similarities between the claims of nonresidents and residents allowed California to exercise specific jurisdiction over it, even though there was little direct connection between Bristol-Myers' contacts and the nonresident-plaintiffs' claims. *Bristol-Myers*, 137 S. Ct. at 1779.

The United States Supreme Court reversed, finding that California courts did not have specific jurisdiction to entertain the nonresidents' claims against Bristol-

---

[2] Under this approach, "a greater degree of contacts with the state compensates for a lesser degree of relation between those contacts and the allegedly illegal conduct." *Knotts v. Nissan N. Am., Inc.*, 346 F. Supp. 3d 1310, 1329 (D. Minn. 2018).

Myers.  The Court noted that, under "settled principles" of specific jurisdiction, "for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State [and is therefore subject to the State's regulation].'"  *Bristol-Myers*, 137 S. Ct. at 1781 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  The Court found that connection to be lacking with respect to the nonresidents' claims where the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California.  *Id.*  "The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California – and allegedly sustained the same injuries as did the nonresidents – does not allow the State to assert specific jurisdiction over the nonresidents' claims."  *Id.*  What was needed – and what the Court found was missing – was a "connection between the forum and the specific claims at issue."  *Id.*

Notably, *Bristol-Myers* was a state-court action raising only state-law claims.  Nevertheless, *Bristol-Myers'* due process concerns apply with equal force to FLSA federal-question actions that involve nonresident claims against non-forum defendants.  An FLSA collective action allows as plaintiffs only those

persons who "opt in" to the lawsuit, and those persons are thereafter considered a "party plaintiff." 29 U.S.C. § 216(b). And the existence of a collective action under § 216(b) depends on the active participation of these opt-in party plaintiffs. *Roy*, 353 F. Supp. 3d at 59. "[O]nly the employees who affirmatively opt into the suit by filing their written consent are parties who are bound or may benefit from judgment." *Id.* (internal quotation marks and citation omitted). Accordingly, § 216(b) "is properly viewed as a rule of joinder under which only the individual opt-in plaintiffs have legal status." *Id.* (internal quotation marks and citation omitted). In other words, only by and through their active participation in an FLSA collective action may opt-in party plaintiffs obtain relief on their individual claims. This circumstance makes the opt-in plaintiffs in an FLSA collective action analogous to the individual plaintiffs who were joined as parties in *Bristol-Myers*. *See Roy*, 353 F. Supp. 3d at 59-60.

White relies on several cases from this district court and others that have declined to extend *Bristol-Myers* to Rule 23 class actions, and indeed the Seventh Circuit Court of Appeals recently adopted this position. *See Mussat v. IQVIA, Inc.*, 953 F.3d 441 (7th Cir. 2020). Although I agree with the holdings of these decisions as they relate to Rule 23 class actions, I disagree with White's contention that FLSA collective actions and Rule 23 class actions are analogous in the context

of specific jurisdiction. *See Roy*, 353 F. Supp. 3d at 57-61. *Cf. Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013) (Rule 23 actions are fundamentally different from collective actions under the FLSA).

I am aware that district courts across the country are split on whether *Bristol-Myers* applies to FLSA collective actions. Some courts liken potential opt-in plaintiffs in an FLSA action to members of a class action, while others hold them more akin to individual plaintiffs and apply *Bristol-Myers*. Courts that have declined to apply *Bristol-Myers* to FLSA collective actions reason that opt-in plaintiffs are more like members of a class action.[3] *See, e.g., Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017); *Mason v. Lumber Liquidators, Inc.*, No. 17-CV-4780 (MKB), 2019 WL 2088609 (E.D.N.Y. May 13, 2019), *R&R aff'd*, No. 17CV4780MKBRLM, 2019 WL 3940846 (E.D.N.Y. Aug. 19, 2019). Applying policy considerations, these courts reason that applying *Bristol-Myers* in FLSA cases would "splinter most nationwide collective actions, trespass on the expressed intent of Congress, and greatly diminish the efficacy of FLSA collective actions as a means to vindicate

---

[3] The Middle District of Tennessee recently recognized that "[m]ost district court cases since *Bristol-Myers* have held that that case does *not* apply in the federal class action context." *Turner v. Utiliquest, LLC*, No. 3:18-cv-00294, 2019 WL 7461197 (M.D. Tenn. July 16, 2019) (emphasis in *Turner*) (citing *Swinter Grp., Inc. v. Service of Process Agents, Inc.*, No. 4:17-CV-2759, 2019 WL 266299, at * 2-3 (E.D. Mo. Jan. 18, 2019); *Leppert v. Champion Petfoods USA, Inc.*, No. 18 C 4347, 2019 WL 216616, at * 4 (N.D. Ill. Jan. 16, 2019)).

employees' rights." *Swamy* 2017 WL 5196780, at *2. On the other hand, courts that have applied *Bristol-Myers* to FLSA collective actions reason that opt-in plaintiffs are more like individual plaintiffs joined in a mass action. *See, e.g., Roy*, 353 F. Supp. 3d 43; *Maclin v. Reliable Reports of Texas, Inc*., 414 F. Supp. 3d 845 (N.D. Ohio 2018). Applying due process considerations, these courts reason that out-of-state opt-in plaintiffs in an FLSA collective action have even less of a connection to the forum than the out-of-state plaintiffs in the *Bristol-Myers* mass tort action. *See, e.g., Maclin*, 414 F. Supp. 3d at 850.

The Eighth Circuit has not yet weighed in on this debate, and I am unaware of any circuit court that has done so in the FLSA context. Even within the Eighth Circuit, however, there are divergent views. In *Vallone v. CJS Sols. Grp., LLC*, the District of Minnesota applied the due process considerations derived from the *Maclin* and *Roy* line of cases and determined that *Bristol-Myers* applies to FLSA cases; thereupon concluding that it did not have personal jurisdiction over putative out-of-state opt-in plaintiffs in that FLSA collective action. No. CV 19-1532 (PAM/DTS), 2020 WL 568889 (D. Minn. Feb. 5, 2020). In *Turner v. Concentrix Servs., Inc.*, however, the Western District of Arkansas applied the policy considerations set out in *Swamy* and its progeny and concluded that *Bristol-Myers* did not apply to FLSA cases. No. 1:18-cv-1072, 2020 WL 544705 (W.D. Ark.

Feb. 3, 2020).

I have reviewed both lines of cases and, for the reasons stated earlier in this memorandum, I agree with the reasoning set out in *Maclin*, *Roy*, and *Vallone* based on longstanding due process principles. Because putative plaintiffs in an FLSA collective action are required to opt in to the action, are thereafter considered "party plaintiffs" to the action, and may obtain relief on their individual claims in the action only by actively participating as party plaintiffs, due process requires that their alleged injuries "arise out of or relate to" Steak N Shake's activities within the forum state – Missouri. Because this due process requirement cannot be satisfied for potential opt-in plaintiffs who did not work at Steak N Shake restaurants located in Missouri, this Court cannot exercise specific personal jurisdiction over Steak N Shake regarding the FLSA claims White seeks to pursue here in their behalf.[4]

Accordingly,

**IT IS HEREBY ORDERED** that defendant Steak N Shake Inc.'s Motion to

---

[4] As recognized in *Roy*, this Court's lack of personal jurisdiction over Steak N Shake for the FLSA claims of potential out-of-state opt-in plaintiffs does not bar those employees from bringing claims or participating in a similar action. Steak N Shake servers could potentially bring a nationwide collective action in Indiana, where general jurisdiction over Steak N Shake exists. *See Roy*, 353 F. Supp. 3d at 58 (citing *Bristol-Myers*, 137 S. Ct. at 1783). "'Alternatively, the [potential opt-in] plaintiffs who are residents of a particular state . . . could probably sue together in their home States.'" *Id.* (quoting *Bristol-Myers*, 137 S. Ct. at 1783).

Partially Dismiss Plaintiff's Complaint [8] is **GRANTED.**

**IT IS FURTHER ORDERED** that the FLSA claims in this action are limited to only those claims of potential opt-in plaintiffs who worked for Steak N Shake in Missouri. All other FLSA claims are dismissed without prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of April, 2020.